WARD, Judge,
concurring.
I concur in Judge Williams’ opinion. Additionally, I believe that after the juvenile was surrendered to the State of Louisiana, once it was discovered the child was in need of care because of neglect, the Juvenile Court retained jurisdiction. The Juvenile Court judge obviously made a determination that the child was neglected, and to return the child to those who neglected him would not only be an abuse of discretion, but inhumane.
*602 Once having jurisdiction, the Juvenile Judge has broad discretion, particularly in “disposition” matters. Hearsay evidence is admissible, and that evidence with the direct testimony of other witnesses clearly establishes the Quans are in the business of selling babies for adoption.
That having been established, the evidence presented by the Quans is suspect, if not meaningless. Their testimony is incredible. Having been ordered deported for giving false statements to the INS, Raul Quan admitted, among other things (1) that he gave inconsistent testimony in Juvenile Court as to when and how he received the child, (2) that he and his wife earned money by importing children for adoption in the United States, and (3) that although he received money from one of the witnesses to deliver a child for adoption, he did not deliver the child, and he did not return the money to the hopeful couple. Amazingly, he also testified a valid adoption takes place when a couple goes before a minister and obtains a birth certificate, without any proof whatsoever that the natural mother concurred or surrendered the child!
Not only is this testimony unbelievable, in the light of this testimony the documentary evidence presented is worthless. Apparently anyone can go before the Ministry of Justice of Guatemala to obtain a birth certificate, claiming to be the natural parents. It is a different matter as to an adoption, and an expert testified as to the means of adoption. Admittedly, he did not say it was the only means, but neither did he say an adoption could take place merely by obtaining a birth certificate. I, for one, refuse to believe that Guatemala would sanction a procedure for adoption without some evidence of consent by the natural mother. In this case, there is none. I say none, because I reject as worthless Raul Quan’s testimony as to how he gained custody of the child. Thus the birth certificate, required for entry into the United States, was in all likelihood obtained for that purpose alone, and as to an adoption, it proves nothing.
In the light of the foregoing, I do not believe the Quans are “custodians”, under the law, because I interpret “custodians” to mean legal custodians, and in the case there is ample reason to suspect the legality of this custody. If not, then they have the means of proving it by showing a valid adoption and the burden of proof in light of the evidence has now shifted to the Quans. Moreover, the State should not be required to prove a negative proposition, always a difficult if not impossible burden.
Finally, the Juvenile Judge did not err as the dissent alleges, by excluding the expert testimony of Quans’ witness. That testimony, which was profferred, related only to the political climate and the charges against the Quans, and not to the means of adoption or validity of the adoption of the child. Since the formal criminal charges were not considered by the Trial Judge, the exclusion of testimony to disprove them was not error.